IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BETTY MADEWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:13-CV-581-RSP |
| v. | § | |
| | § | |
| | § | |
| GREGG COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Currently before the Court is Plaintiff's Emergency Motion to Compel Access to Original, Unaltered Email and Odyssey Files and Plaintiffs Designation of Rebuttal Witnesses. (Dkt. No. 270). An evidentiary hearing was held on the motion on March 9, 2015 at which both sides called all relevant witnesses. This hearing was set because of the serious nature of the allegations of the motion, which included suggestions that Defendant's employees had altered or destroyed material records. While the Court does not find that these allegations were made in bad faith, the Court does find that the evidence does not support them.

The Court finds that Plaintiff has not shown that Defendant altered or destroyed any electronic records other than through routine application of its document retention and computer upgrade policies. The Court notes that Dr. Joseph Smith, while he may be highly competent in his field of biochemistry, lacks the training and experience to perform forensic computer analysis, as he himself admitted. Dr. Smith was critical of the email search techniques used by Defendant but could not say that anyone altered any records. Plaintiff's

other technical expert, Scott Green, may be a qualified computer forensics expert (although his qualifications were not well established at the hearing) but his testimony was primarily to the effect that Defendant and its third party vendors did not follow best practices when performing back-ups and upgrades of the Odyssey system used for email and electronic records. Both witnesses testified that they wanted to see additional records and have access to the system controls in order to better determine whether records had been altered or destroyed. However, the Court finds no sufficient basis to order such further discovery.

The Gregg County witnesses who testified concerning the records at issue were credible and provided a satisfactory explanation for the timing of the Odyssey system upgrade and the backup policies employed.

Finally, with respect to the "non-approved medication list" at issue in this case and the Amy Cowling case, the Court finds that the arguments have conflated two separate problems. The first is what medications an inmate may be administered while in jail. The second is what medications the jailers should accept from inmates or their families when they are brought to the jail. Dr. Browne credibly testified that while he didn't authorize the creation of the "non-approved medication list," it was an accurate reflection of his normal practices. The real problem was that Dr. Browne wanted as much information as possible about the medications the inmates had been on (and how faithfully they had been taking them) when they were arrested, so that he could evaluate what he should allow them to receive in the jail. The pill bottles, with the labels and the remaining pill counts, were a valuable source of this information. However, it was time-consuming for the jail staff to inventory these medications when inmates were admitted, so the staff tended to tell family to take the medications back (and not save the information for Dr. Browne) if the medications

were on the non-approved list.  Thus, Dr. Browne tried to discontinue that practice.  What the jail staff actually did with respect to the list and medications in general is a question best left for trial.  However, the Court finds no impropriety with the testimony of Dr. Browne.

Accordingly, the Emergency Motion to Compel (Dkt. No. 270) is DENIED.

**SIGNED this 18th day of April, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE